# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

NAIM TAYLOR,

                Defendant.

No. 4:21-CR-00172-01

(Chief Judge Brann)

## MEMORANDUM OPINION

### MAY 15, 2024

In January 2023, Naim Taylor pled guilty to Possession with Intent to Distribute Controlled Substances, specifically, a mixture or substance containing 40 grams and more of fentanyl and a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).[1] At the September 2023 sentencing hearing, Naim Taylor was assessed 5 criminal history points for prior offenses, and two additional criminal history points for committing the instant offense while under a criminal justice sentence under the 2021 United States Sentencing Guidelines Manual (U.S.S.G.) § 4A1.1(d). Accordingly, Taylor's criminal history category was IV and his offense level was 26.[2]

Taylor objected that because two of his criminal history category points were from a juvenile marijuana offense committed at the age of fourteen, his criminal history category substantially overrepresented the seriousness of his criminal

---

[1]    Plea Agreement, Doc. 515.
[2]    Sentencing Transcript, Doc. 705 at 9:25—10:7.

history.[3] This Court granted Taylor's motion for downward departure, disregarded these two criminal history points, and reduced Taylor's criminal history category to III.[4] This Court determined the applicable guideline range of imprisonment to be between 78 and 97 months, and sentenced Taylor to 96 months of imprisonment.[5]

Taylor now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that where the sentencing range applicable to a defendant's term of imprisonment is subsequently lowered by the Sentencing Commission, a court may reduce a defendant's term of imprisonment after consider the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[6] That section sets out a two-step process: "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, in whole or in part, according to the factors set forth in § 3553(a)."[7]

In November 2023, the United States Sentencing Commission promulgated a new Sentencing Guidelines Manual. The new guidelines implemented "Amendment 821," which only imposes an additional criminal history point for committing an offense while under a criminal justice sentence if the defendant also received seven

---

[3]   *Id.* at 10:17—12:25.
[4]   *Id.* at 14:9—15:10.
[5]   Judgment, Doc. 656.
[6]   18 U.S.C. § 3582(c)(2).
[7]   *Dillon v. United States*, 560 U.S. 817, 826 (2010).

or more points under United States Sentencing Guidelines Manual § 4A1.1(a)-(d).[8] The Commission further determined that Amendment 821 would apply retroactively to incarcerated defendants.[9]

Therefore, Taylor is eligible for relief based upon the new guidelines which would reduce Taylor's sentencing range. Were the motion granted, Taylor's criminal history points would be reduced from 5 to 3, reducing his criminal history category from III to II. The resulting sentencing range would be reduced from 78-97 months to 70-87 months.

"The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."[10] As relevant here, the United States Court of Appeals for the Third Circuit has held that the district court may decline to grant a reduction under 3553(a) based on the nature of the defendant's original criminal conduct.[11]

Section 3553(a) sets out several factors for a sentencing court to consider in imposing a sentence. Section 3553(a)(5), concerning pertinent policy statements issued by the Sentencing Commission, weighs towards reducing Taylor's sentence because Taylor's original sentence is outside of the modified guideline range.

---

[8]   U.S.S.G. § 4A1.1(e).
[9]   U.S.S.G. §1B1.10(d).
[10]   *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).
[11]   *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009).

Section 3553(a)(1) directs the sentencing judge to consider the nature and circumstances of the offense, along with the history and characteristics of the defendant. While some evidence weighs towards reducing Taylor's sentence, on balance, the circumstances of the offense strongly counsel against it. Taylor does not have an extensive criminal history,[12] but his offense here is alarming. Taylor supervised an extensive drug trafficking network involving members of a Philadelphia-based street gang.[13] The drug trafficking network generated substantial income from the distribution of fentanyl, heroin, cocaine, and marijuana in the greater Williamsport, Pennsylvania area.[14] In 2021, Taylor traveled to California to purchase marijuana in bulk.[15] Law enforcement also conducted multiple controlled drug purchases from Taylor.[16] And Taylor possessed and had access to multiple firearms during his drug trafficking activities.[17] In sum, Taylor was the supervisor of a large conspiracy to traffic narcotics, placing lives in danger.

Relatedly, Section 3553(a)(2) directs the sentencing judge to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the

---

[12] Final Presentence Investigation Report, Doc. 639 ¶¶ 58-66.
[13] *Id.* ¶13.
[14] *Id.* ¶¶13, 43.
[15] *Id.* ¶37.
[16] *Id.* ¶¶13, 14-19.
[17] *Id.* ¶¶34, 36.

defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The seriousness of Taylor's offense demonstrates the compelling need for his sentence to protect the public. By supervising a large criminal drug trafficking conspiracy, Taylor helped exacerbate or create addictions and placed lives in significant danger, particularly given the deadly nature of fentanyl. Because of the well-established link between firearms, drug trafficking, and deadly violence, Taylor's possession of firearms further increased the danger his activities posed to the public.

Despite the Sentencing Commission's determination, this Court may consider that Taylor supervised a drug trafficking conspiracy while on parole[18] as demonstrating his disrespect for the law. The dangerousness of Taylor's criminal offense likewise informs the importance of the need for deterrence and the need to promote respect for the law.

Taking all these factors together, the Court finds that Taylor's already-existing sentence is necessary to reflect the seriousness of his offense, promote respect for the law, deter future crimes, and protect the community. The Section 3553(a) factors therefore strongly counsel against reducing his sentence.

---

[18] *Id.* ¶¶59, 62.

In accordance with the forgoing, Defendant Naim Taylor's Motion to Reduce Sentence (Doc. 702) will be denied.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge